PHILLIP A. TALBERT
United States Attorney
MATTHEW THUESEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TAMARA MANUEL,<br>Defendant. | CASE NO. 2:19-cr-47 TLN<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>DATE: June 2, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

On March 12, 2019, the United States filed an Information charging Manuel with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identify theft, in violation 18 U.S.C. § 1028A(a)(1). ECF No. 1. On April 4, 2019, pursuant to a plea agreement, Manuel pled guilty to both counts in the Information. ECF Nos. 11, 14. For the following reasons, the United States requests that this Court sentence Manuel to a total term of 39 months' imprisonment, which is the low-end of the recommended guideline range for Count One plus the mandatory minimum sentence for Count Two, followed by a one-year term of supervised release, and order Manuel to pay $48,837 in restitution and a special assessment of $100 per count of conviction.

## I. SENTENCING GUIDELINES

In the Presentence Investigation Report ("PSR"), the Probation Officer calculated Manuel's sentencing range as follows:

### A. Count One: Wire Fraud

1. Manuel's conduct falls withing U.S.S.G. § 2B1.1, which governs wire fraud and provides a base offense level of 7.

2. 6 levels are added under U.S.S.G. § 2B1.1(b)(1)(D), because the intended loss—$77,860—was between $40,000 and $95,000.

3. 2 levels are added under U.S.S.G. § 2B1.1(b)(2)(A)(i), because Manuel's offense involved 10 or more victims.

4. 2 levels are added under U.S.S.G. § 3A1.1(b)(1), because the victims of Manuel's offense were vulnerable.

5. 3 levels are subtracted under U.S.S.G. § 3E1.1(a) and (b), based on Manuel's acceptance of responsibility and assistance in the investigation and prosecution of her offense.

6. Manuel's total offense level for Count One is 14, which corresponds to a sentencing range of 15 to 21 months, when considering Manuel's criminal history category of I.

### B. Count Two: Aggravated Identity Theft

Guideline sentence of 24 months, pursuant to U.S.S.G. § 2B1.6, to run consecutively to the prison sentence imposed on Count One.

The United States agrees with the Probation Officer's calculation of the applicable sentencing range and requests that this Court adopt it.

## II. SENTENCING RECOMMENDATION

Title 18, United States Code, Section 3553(a) provides multiple factors this Court is to consider in fashioning a sentence. In addition to the applicable guideline sentencing range, those factors include, among others, (a) the nature and circumstances of the offense and the defendant's history and characteristics; and (b) the need for the sentence imposed to (i) reflect the seriousness of the offense, (ii) promote respect for the law and provide just punishment for the offense, (iii) afford adequate deterrence to criminal conduct, and (iv) protect the public from further crimes of the defendant. Considering the Section 3553(a) factors, the United States agrees with the Probation Officer's recommendation that this Court sentence Manuel to a total term of 39 months' imprisonment.

As detailed in the PSR and factual basis attached as Exhibit A to the plea agreement, the circumstances of Manuel's crime are serious. The majority of the victims of her offense were patients housed at a facility where she worked—Sonoma Development Center ("SDC")—who suffered from severe disabilities and could not care for themselves. They required observation and care 24 hours a day,

seven days a week, and Manuel was one SDC employee responsible for that care. These patients were some of the most vulnerable members of society.

In 2011, Manuel began stealing SDC patients' identities in order to steal money from the United States. Specifically, for over three years, Manuel filed fraudulent tax returns using the patients' identities, and she included numerous lies in the fraudulent returns to maximize the amount she could steal.

For example, as described in the factual basis, Manuel filed a fraudulent return using an SDC patient's identity in which she falsely represented that the patient made $23,000 a year as a forklift driver, had a dependent, and was entitled to a child tax credit and a refund. She knew all of that was false and that, in reality, the patient was severely disabled, requiring around-the-clock observation and care. The patient suffered from, among other conditions, autism, bipolar disorder, severe intellectual disabilities, epilepsy, bell's palsy, and a drug-induced movement disorder. Over the course of her multi-year crime, Manuel used the identities of at least 17 additional SDC patients to file fraudulent returns. Conditions of other patients whose identities Manuel stole to enrich herself included quadriplegic infantile cerebral palsy, methicillin-resistant Staphylococcus aureus, or MRSA, blindness of both eyes, dysphagia, and encephalopathy.

In total, Manuel unlawfully used the identities of approximately 18 SDC patients to file approximately 33 fraudulent tax returns.

In addition to filing fraudulent tax returns using SDC patients' identities, Manuel also filed fraudulent returns in her son's name, without his knowledge. In the returns, Manuel used identities, including Social Security numbers, of real individuals whom she falsely listed as her son's dependents. And she claimed her son was entitled to child tax credits, which he was not.

The government does not dispute that Manuel endured an extremely difficult and traumatic upbringing, as detailed in the social history completed by an investigator from the Federal Defender's Office, ECF No. 40-1, and by no means seeks to downplay it. Nor does the government have specific reasons to believe that Manuel poses a danger to the public. And Manuel took complete responsibility for her crimes, including by meeting with law enforcement soon after she obtained counsel and admitting to her conduct.

The fact remains, however, that Manuel's criminal conduct was serious and not a momentary lapse in judgment—it was a stolen identity refund fraud scheme that lasted over three years. A substantial sentence is called for in this case to reflect the seriousness of Manuel's offense and provide just punishment, as well as to promote respect for the law and deter others from engaging in criminal conduct like Manuel's. The United States submits that 39 months' imprisonment is just such a sentence.

## III. RESTITUTION

In her plea agreement, Manuel agreed to pay restitution in the amount of $48,837, pursuant to 18 U.S.C. § 3663A.

## IV. APPEAL

Also in her plea agreement, Manuel waived her right to appeal her guilty plea, conviction, and sentence, as long as the sentence imposed does not exceed the statutory maximum penalties for the offenses to which she pled guilty. Additionally, regardless of the sentence imposed, Manuel waived her right to collaterally attack any aspect of her guilty plea, conviction, and sentence, except for nonwaivable claims.

## V. SELF-SURRENDER

The United States does not oppose Manuel self-surrendering to the Bureau of Prisons within a reasonable time set by this Court.

//

//

//

//

//

//

//

//

//

//

//

## VI. CONCLUSION

Based on the foregoing, the government respectfully requests that this Court impose a custodial sentence of 15 months on Count One and two years on Count Two, to run consecutively to the sentence imposed on Count One. The government also requests that this Court order Manuel to pay $48,837 in restitution, as outlined in the restitution attachment to the PSR, and a special assessment of $100 per count of conviction.

Dated: May 26, 2022

PHILLIP A. TALBERT
United States Attorney

By: ______________________
MATTHEW THUESEN
Assistant United States Attorney